UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK ALLEN,

        Petitioner,

        v.

PATRICK GLEBE,

        Respondent.

CASE NO. C08-928-TSZ-BAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is currently in the custody of the Washington Department of Corrections pursuant to a 1997 King County Superior Court judgment and sentence. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from the exceptional sentence imposed following his conviction on a charge of first degree rape. Respondent has filed an answer to petitioner's federal habeas petition in which he argues that the petition is time-barred under the federal statute of limitations, 28 U.S.C. § 2244(d). This Court, having reviewed petitioner's petition, respondent's answer, and the balance of the record, concludes that petitioner's federal habeas petition should be dismissed as untimely.

PROCEDURAL HISTORY

On April 8, 1997, petitioner was found guilty, following a bench trial, on one count of rape in the first degree. (*See* Dkt. No. 15, Ex. 1 at 1.) Petitioner was sentenced on July 3, 1997, to a term of 480 months confinement. (*Id*., Ex. 1 at 3.)

Petitioner appealed the trial court's imposition of an exceptional sentence to the Washington Court of Appeals. (Dkt. No. 15, Ex. 2.) The Court of Appeals affirmed the sentence in an unpublished opinion issued on February 1, 1999. (*Id*.) Petitioner apparently did not seek review by the Washington Supreme Court, and the Court of Appeals issued its mandate terminating direct review on March 19, 1999. (*See id*., Ex. 3 at 2.)

On December 11, 2006, petitioner filed a motion to modify his judgment and sentence in the King County Superior Court. (*Id*., Ex. 4.) The superior court thereafter transferred the motion to the Washington Court of Appeals for consideration as a personal restraint petition. (*Id*., Ex. 5.) The Court of Appeals dismissed petitioner's personal restraint petition on March 13, 2007. (*Id*., Ex. 6.) Petitioner filed a timely motion for discretionary review in the Washington Supreme Court on April 12, 2007. (*Id*., Ex. 7.) The Supreme Court Commissioner denied review on June 11, 2007. (*Id*., Ex. 8.) Petitioner next filed a motion to modify the Commissioner's ruling which was denied on September 5, 2007. (*Id*., Exs. 9 and 10.) The Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings on October 31, 2007. (*Id*., Ex. 11.)

On December 3, 2007, petitioner filed another motion to modify his judgment and sentence in the King County Superior Court. (*Id*., Ex. 12.) Once again, the superior court transferred petitioner's motion to the Washington Court of Appeals for consideration as a personal restraint petition. (*Id*., Ex. 13.) On February 27, 2008, the Court of Appeals dismissed petitioner's second personal restraint petition as successive. (*Id*. Ex. 14.) Petitioner next filed a motion in the

Washington Supreme Court seeking an extension of time to file a motion for discretionary review. (*Id*., Ex. 15.) The Supreme Court denied petitioner's motion for an extension of time on March 24, 2008, and on June 18, 2008, the Court of Appeals issued a certificate of finality in petitioner's second personal restraint proceedings. (*Id*., Exs. 16 and 17.)

Petitioner signed his federal habeas petition on July 23, 2008, and the petition was received by the Court for filing on July 28, 2008. (*See* Dkt. No. 8.)

## GROUNDS FOR RELIEF

Petitioner identifies three grounds for relief in his federal habeas petition:

1. During sentencing, the trial court judge imposed an exceptional sentence exceeding Mr. Allen's standard range based on facts not found by the jury nor charged in the indictment nor admitted to by Mr. Allen. The relevant facts to support the enhanced sentence was found solely by the judge.

2. By the imposition of the exceptional sentence by the trial court it relieved the State of proving beyond a reasonable [doubt] the relevant facts and this violated Mr. Allen's 5th and 6th amendment rights to the [C]onstitution.

3. Mr. Allen should have received the benefits from the Jones, 526 U.S. 227 (1999) decision and In re Winship, 397 U.S. at 363 based on the undebateable [sic] decision of the interpretation of the [C]onstitution by the U.S. Supreme Court when the state of Washington reviewed Mr. Allen's pleadings.

(Dkt. No. 8 at 5, 7, and 8.)

## DISCUSSION

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, Sec. 105 (1996), which worked substantial changes in the law of federal post-conviction relief. One of those changes was to adopt a one-year statute of limitations for § 2254 actions. *See* 28 U.S.C. § 2244(d)(1).

REPORT AND RECOMMENDATION
PAGE - 3

Section 2244(d)(1) states that the one year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not appear to dispute that he filed his federal habeas petition more than one year after his judgment and sentence became final. Petitioner appears to argue instead that his petition should be deemed timely because the state courts, by improperly applying clearly established federal law to his claims, impeded his ability to present his claims earlier. (*See* Dkt. No. 8 at 13.) However, the fact that petitioner believes the state courts improperly resolved his claims challenging his exceptional sentence does not constitute the sort of impediment which would justify the application of § 2244(d)(1)(B) to his petition.

Assuming, as respondent suggests, that petitioner actually intends to argue that his petition should be deemed timely because he did not have viable grounds upon which to challenge his exceptional sentence prior to the time the United States Supreme Court issued its decision in *Blakely v. Washington*, 542 U.S. 296 (2004), petitioner's argument still must fail because the Supreme Court has not made the rights recognized in *Blakely* "retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

The record before this Court makes clear that petitioner's federal habeas petition was not timely filed in accordance with the provisions of § 2244(d)(1). The two provisions of § 2244(d)(1) discussed above effectively constitute exceptions to the general one-year time limit set forth in § 2244(d)(1)(A). It is clear that neither of those exceptions applies here. The Court must therefore look to the provisions of § 2244(d)(1)(A) to determine whether petitioner's petition was timely filed.

Petitioner's judgment became final on direct review not later than March 19, 1999. Thus, under § 2244(d)(1)(A), petitioner had until March 19, 2000, to file his federal habeas petition. The one year limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). Petitioner did file two collateral state challenges to his judgment and sentence. However, both challenges were filed well after the statute of limitations had already expired. Petitioner's personal restraint proceedings in the state courts therefore would not have acted to toll the statue of limitations. *See Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999).

The statute of limitations is also subject to equitable tolling. *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). However, the Ninth Circuit has made clear that equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Id*. (internal quotation and citation omitted). Petitioner does not argue that he is entitled to equitable tolling of the federal statute of limitations.

As noted above, petitioner did not sign his federal habeas petition until July 28, 2008, over eight years after the statute of limitations expired in March 2000. Because petitioner filed his petition outside of the § 2254 statute of limitations period, and because petitioner has not

REPORT AND RECOMMENDATION
PAGE - 5

demonstrated that he is entitled to either statutory or equitable tolling of the limitations period, his petition is time-barred.

## CONCLUSION

Based upon the foregoing, this Court recommends that petitioner's federal habeas petition be dismissed, with prejudice, pursuant to 28 U.S.C. § 2244(d). A proposed order accompanies this Report and Recommendation.

DATED this 19th day of February, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6